IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MORPHO KOMODO LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | Civil Action No. 2:15-cv-1105-JRG-RSP |
| | § | |
| | § | |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INFOSONICS CORPORATION; | § | |
| VERYKOOL USA, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

ANSWER OF INFOSONICS CORPORATION AND VERYKOOL USA, INC. TO
MORPHO KOMODO LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants InfoSonics Corporation and VeryKool USA, Inc. (collectively "InfoSonics"),

by and through their undersigned counsel, hereby respond to the Original Complaint of Morpho

Komodo LLC ("Morpho" or "Plaintiff") as follows:

NATURE OF THE SUIT

1.      InfoSonics admits that Morpho filed a complaint for patent infringement

("Original Complaint") asserting claims of U.S. Patent No. 7,350,078 ("the '078 patent"), U.S.

Patent No. 7,725,725 ("the '725 patent"), and U.S. Patent No. 8,429,415 ("the '415 patent")

(collectively "patents-in-suit") purportedly arising under the patent laws of the United States,

Title 35 of the United States Code.  InfoSonics lacks knowledge and information sufficient to

form a belief as to the truth of the facts alleged in paragraph 1 of the Original Complaint and

therefore denies them.

## PARTIES

2.      InfoSonics admits that Morpho is a Limited Liability Company organized under the laws of the State of Texas with a place of business at 214 W. Fannin Street, Marshall Texas.

3.      InfoSonics admits that InfoSonics Corporation is formed under the laws of the state of Maryland and has a principal place of business at 3636 Nobel Drive, Suite 325, San Diego, CA 92122.  InfoSonics Corporation admits that its present registered agent for purposes of service of process is CSC-Lawyers Incorporating Service Company located at 7 St. Paul Street, Suite 1660, Baltimore, MD 21202.

4.      InfoSonics admits that it is in the business of making, using, selling, offering for sale and/or importing wireless handsets and related products.  InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 4 of the Original Complaint and therefore denies them.

## JURISDICTION AND VENUE

5.      InfoSonics admits that Morpho filed a complaint for patent infringement including claims purportedly arising under the patent laws of the United States, Title 35 of the United States Code.  InfoSonics also admits that the Court has subject matter jurisdiction over actions arising pursuant to the patent laws of the United States, Title 35 of the United States Code.

6.      InfoSonics admits that some InfoSonics wireless handsets and related products may be in Texas.  InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 6 of the Original Complaint and therefore denies them.

7.      InfoSonics admits that some InfoSonics wireless handsets and related products may be in Texas.  InfoSonics lacks knowledge and information sufficient to form a belief as the truth of the remaining facts alleged in paragraph 7 and therefore denies them.

8.      InfoSonics admits that some InfoSonics wireless handsets and related products may be in Texas.  InfoSonics further admits that it maintains a website.  InfoSonics lacks knowledge and information sufficient to form a belief as the truth of the remaining facts alleged in paragraph 8 and therefore denies them.

9.      InfoSonics admits that some InfoSonics wireless handsets and related products may be in Texas.  InfoSonics lacks knowledge and information sufficient to form a belief as the truth of the remaining facts alleged in paragraph 9 and therefore denies them.

10.      InfoSonics lacks knowledge and information sufficient to form a belief as the truth of the remaining facts alleged in paragraph 10 and therefore denies them.

## THE PATENTS-IN-SUIT

11.      InfoSonics admits that a document purported to be a copy of U.S. Patent No. 7,350,078 ("the '078 patent"), entitled "User Selection of Computer Login"  was attached to the Original Complaint and that on the face of the document there is an issue date of May 25, 2008. InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 11 of the Original Complaint and therefore denies them.

12.      InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 12 of the Original Complaint and therefore denies them.

13.      InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 13 of the Original Complaint and therefore denies them.

14.      Admitted.

15.     InfoSonics admits that a document purported to be a copy of U.S. Patent No. 7,725,725 ("the '725 patent"), entitled "User Selection of Computer Login"  was attached to the Original Complaint and that on the face of the document there is an issue date of May 25, 2010. InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 15 of the Original Complaint and therefore denies them.

16.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 16 of the Original Complaint and therefore denies them.

17.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 17 of the Original Complaint and therefore denies them.

18.     Admitted.

19.     InfoSonics admits that a document purported to be a copy of U.S. Patent No. 8,429,415 ("the '415 patent") entitled "User Selection of Computer Login"  was attached to the Original Complaint and that on the face of the document there is an issue date of April 23, 2013. InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 19 of the Original Complaint and therefore denies them.

20.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 20 of the Original Complaint and therefore denies them.

21.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 21 of the Original Complaint and therefore denies them.

22.     Admitted.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

23.     InfoSonics admits it has a product referred to as the Verykool Sol Quatro s5016. InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 23 of the Original Complaint and therefore denies them.

24.     InfoSonics admits it marketed and sold a product referred to as the Verykool Sol Quatro s5016.  InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 24 of the Original Complaint and therefore denies them.

25.     InfoSonics admits that the Verykool Sol Quatro s5016 has memory.  InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 25 of the Original Complaint and therefore denies them.

26.     InfoSonics admits that the Android operating system of the Verykool Sol Quatro s5016 includes menus.  InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 26 of the Original Complaint and therefore denies them.

## COUNT I:
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO.  7,350,078

27.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-26 of the Original Complaint and incorporates responses in paragraphs 1 through 26 of its Answer to the Original Complaint.

28.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 28 of the Original Complaint and therefore denies them.

29.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 29 of the Original Complaint and therefore denies them.

**COUNT II: ALLEGED INDIRECT INFRINGEMENT OF U.S. PATENT NO.  7,350,078**

30.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-29 of the Original Complaint and incorporates responses in paragraphs 1 through 29 of its Answer to the Original Complaint.

31.     InfoSonics denies the allegations in paragraph 31 of the Original Complaint.

32.     InfoSonics denies the allegations in paragraph 32 of the Original Complaint.

33.     InfoSonics denies the allegations in paragraph 33 of the Original Complaint.

34.     InfoSonics denies the allegations in paragraph 34 of the Original Complaint.

35.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-34 of the Original Complaint and incorporates responses in paragraphs 1 through 34 of its Answer to the Original Complaint.

36.     InfoSonics denies the allegations in paragraph 36 of the Original Complaint.

37.     InfoSonics denies the allegations in paragraph 37 of the Original Complaint.

38.     InfoSonics denies the allegations in paragraph 38 of the Original Complaint.

39.     InfoSonics denies the allegations in paragraph 39 of the Original Complaint.

**COUNT III: ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO.  7,725,725**

40.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-39 of the Original Complaint and incorporates responses in paragraphs 1 through 39 of its Answer to the Original Complaint.

41.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 41 of the Original Complaint and therefore denies them.

42.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 42 of the Original Complaint and therefore denies them.

**COUNT IV: ALLEGED INDIRECT INFRINGEMENT OF U.S. PATENT NO.  7,725,725**

43.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-42 of the Original Complaint and incorporates responses in paragraphs 1 through 42 of its Answer to the Original Complaint.

44.     InfoSonics denies the allegations in paragraph 44 of the Original Complaint.

45.     InfoSonics denies the allegations in paragraph 45 of the Original Complaint.

46.     InfoSonics denies the allegations in paragraph 46 of the Original Complaint.

47.     InfoSonics denies the allegations in paragraph 47 of the Original Complaint.

48.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-47 of the Original Complaint and incorporates responses in paragraphs 1 through 47 of its Answer to the Original Complaint.

49.     InfoSonics denies the allegations in paragraph 49 of the Original Complaint.

50.     InfoSonics denies the allegations in paragraph 50 of the Original Complaint.

51.     InfoSonics denies the allegations in paragraph 51 of the Original Complaint.

52.     InfoSonics denies the allegations in paragraph 52 of the Original Complaint.

**COUNT V: ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,429,415**

53.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-52 of the Original Complaint and incorporates responses in

paragraphs 1 through 52 of its Answer to the Original Complaint.

54.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 54 of the Original Complaint and therefore denies them.

55.     InfoSonics lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 55 of the Original Complaint and therefore denies them.

**COUNT VI:  ALLEGED INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,429,415**

56.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-55 of the Original Complaint and incorporates responses in paragraphs 1 through 55 of its Answer to the Original Complaint.

57.     InfoSonics denies the allegations in paragraph 57 of the Original Complaint.

58.     InfoSonics denies the allegations in paragraph 58 of the Original Complaint.

59.     InfoSonics denies the allegations in paragraph 59 of the Original Complaint.

60.     InfoSonics denies the allegations in paragraph 60 of the Original Complaint.

61.     InfoSonics restates its previous responses corresponding to Morpho's restated and realleged allegations in paragraphs 1-60 of the Original Complaint and incorporates responses in paragraphs 1 through 60 of its Answer to the Original Complaint.

62.     InfoSonics denies the allegations in paragraph 62 of the Original Complaint.

63.     InfoSonics denies the allegations in paragraph 63 of the Original Complaint.

64.     InfoSonics denies the allegations in paragraph 64 of the Original Complaint.

65.     InfoSonics denies the allegations in paragraph 65 of the Original Complaint.

## MORPHO'S REQUEST FOR RELIEF

InfoSonics denies that Morpho is entitled to any relief requested in the Original Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

A.      InfoSonics incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these Affirmative Defenses, InfoSonics does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  InfoSonics reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE (No Infringement)

B.      InfoSonics does not infringe and has not infringed any valid and enforceable claim of the patents-in-suit.  InfoSonics does not induce or contribute to, and has not induced or contributed to, infringement of any valid and enforceable claim of the patents-in-suit.  Further, the accused products referenced in the Original Complaint are staple articles of commerce suitable for substantial noninfringing uses.

## SECOND AFFIRMATIVE DEFENSE (Invalidity)

C.      Each asserted claim of the patents-in-suit is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

### THIRD AFFIRMATIVE DEFENSE (Prosecution History Estoppel)

D.      By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit including but not limited to any related U.S. Patent and Trademark Office proceedings, the patents-in-suit are so limited that none of the claims can be properly construed as covering any activity of InfoSonics.

### FOURTH AFFIRMATIVE DEFENSE (Equitable Estoppel)

E.      By reason of statements made by Morpho during other litigation or licensing activities concerning the patents-in-suit, the patents-in-suit are so limited that none of the asserted claims can be properly construed as covering any activity of InfoSonics.

### FIFTH AFFIRMATIVE DEFENSE (Lack of Notice)

F.      Prior to receiving a copy of the Original Complaint in this action, InfoSonics had neither actual nor constructive notice of the patents-in-suit.  Upon information and belief, Morpho is not entitled to any damages for any period prior to filing of the Original Complaint.

### SIXTH AFFIRMATIVE DEFENSE (Statute of Limitations)

G.      Morpho's claim for damages, if any, is limited by 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE (Laches)

H.      One or more of Morpho's claims for relief are precluded or limited by the doctrine of laches.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and counterclaimants InfoSonics Corporation and VeryKool USA, Inc., (collectively "InfoSonics"),

by and through undersigned counsel, hereby allege the following counterclaims against plaintiff

and counterclaim-defendant Morpho Komodo LLC ("Morpho"):

## PARTIES

1.     InfoSonics Corporation is a corporation formed under the laws of the state of

Maryland and has a principal place of business at 3636 Nobel Drive, Suite 325, San Diego, CA

92122.

2.     VeryKool USA, Inc. is a corporation formed under the laws of the state of

Maryland and has a principal place of business at 3636 Nobel Drive, Suite 325, San Diego, CA

92122.

3.     Upon information and belief, counterclaim-defendant Morpho is a Texas limited

liability company with a principal place of business in 214 W. Fannin Street, Marshall, Texas.

## JURISDICTION AND VENUE

4.     Subject to InfoSonics' defenses and denials herein, this Court has jurisdiction

over the subject matter of these counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338(a),

1367, 2201, and 2202.

5.     Subject to InfoSonics' defenses and denials herein, venue is proper in this district

for this particular case because Morpho commenced this action in this district, although this

venue is not the most convenient.

6.     This Court has personal jurisdiction over Morpho because Morpho filed the

Complaint in this action.

## COUNTERCLAIM 1:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,350,078

7.     InfoSonics restates and incorporates by reference the allegations in paragraphs 1-6

of its Counterclaims.

8.      Morpho alleges it is the owner of the '078 patent, and alleges that patent is valid and enforceable.

9.      Morpho asserted the '078 patent against InfoSonics, alleging InfoSonics infringes the '078 patent.

10.     InfoSonics does not directly or indirectly infringe the '078 patent.

11.     An actual controversy exists between InfoSonics and Morpho as to whether InfoSonics infringes the '078 patent.

## COUNTERCLAIM 2:  DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,350,078

12.     InfoSonics restates and incorporates by reference the allegations in paragraphs 1-11 of its Counterclaims.

13.     Morpho alleges the '078 patent is valid and enforceable.

14.     The '078 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

15.     An actual controversy exists between InfoSonics and Morpho as to whether the '078 patent is invalid.

16.     A judicial declaration is necessary for InfoSonics to ascertain its rights with respect to the '078 patent.

## COUNTERCLAIM 3:   DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,725,725

17.     InfoSonics restates and incorporates by reference the allegations in paragraphs 1-16 of its Counterclaims.

18.     Morpho alleges it is the owner of the '725 patent, and alleges that patent is valid and enforceable.

19.     Morpho asserted the '725 patent against InfoSonics in litigation, alleging InfoSonics infringes the '725 patent.

20.     InfoSonics does not directly or indirectly infringe the '725 patent.

21.     An actual controversy exists between InfoSonics and Morpho as to whether InfoSonics infringes the '725 patent.

## COUNTERCLAIM 4:  DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,725,725

22.     InfoSonics restates and incorporates by reference the allegations in paragraphs 1-21 of its Counterclaims.

23.     Morpho alleges the '725 patent is valid and enforceable.

24.     The '725 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

25.     An actual controversy exists between InfoSonics and Morpho as to whether the '725 patent is invalid.

26.     A judicial declaration is necessary for InfoSonics to ascertain its rights with respect to the '725 patent.

## COUNTERCLAIM 5:  DECLARATORY JUDGMENT OF NON INFRINGEMENT OF U.S. PATENT NO. 8,429,415

27.     InfoSonics restates and incorporates by reference the allegations in paragraphs 1-26 of its Counterclaims.

28.     Morpho alleges it is the owner of the '415 patent, and alleges that patent is valid and enforceable.

29.     Morpho asserted the '415 patent against InfoSonics in litigation, alleging

InfoSonics infringes the '415 patent.

30.     InfoSonics does not directly or indirectly infringe the '415 patent.

31.     An actual controversy exists between InfoSonics and Morpho as to whether

InfoSonics infringes the '415 patent.

### COUNTERCLAIM 6:   DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,429,415

32.     Morpho alleges the '415 patent is valid and enforceable.

33.     The '415 patent is invalid for failure to comply with one or more requirements of

the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103,

112, and 251.

34.     An actual controversy exists between InfoSonics and Morpho as to whether the

'415 patent is invalid.

35.     A judicial declaration is necessary for InfoSonics to ascertain its rights with

respect to the '415 patent.

### PRAYER FOR RELIEF

WHEREFORE, InfoSonics prays for the following relief and judgment:

A.  A judgment dismissing Morpho's complaint against InfoSonics with prejudice;

B.  A declaration that InfoSonics has not directly nor indirectly infringed the '078 patent,

the '725 patent or the '415 patent;

C.  A declaration that the '078 patent, the '725 patent and the '415 patent are invalid and

unenforceable;

D.  A declaration that this case is exceptional and that InfoSonics is entitled to recover its

reasonable fees and costs;

E.  An award to InfoSonics of its reasonable fees and costs;

F.  A judgment in equity barring Morpho from enforcing the '078 patent, the '725 patent

and the '415 patent; and

G.  Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

InfoSonics requests a trial by jury on all claims and defenses properly decided by a jury.

Dated:  July 21, 2015                         Respectfully submitted,


/s/ *J. Thad Heartfield*
J. Thad Heartfield
Texas State Bar No. 09346800
Email: thad@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone (409) 866-3318
Fax:  (409) 866-5789

N. Thane Bauz (*Pro Hac Vice* pending)
Email: tbauz@perkinscoie.com
John D. Esterhay (*Pro Hac Vice* pending)
Email:  jesterhay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
Telephone: 858-720-5700
Facsimile: 858-720-5799

ATTORNEYS FOR DEFENDANTS
InfoSonics Corporation
VeryKool USA, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of July, 2015.   Any other counsel of record will be served by first class mail.


*/s/ J. Thad Heartfield*
J. Thad Heartfield